**BABLER BROS., INC., an Oregon corporation, and Oregon–Columbia Chapter of the Associated General Contractors of America, Inc., an Oregon non-profit corporation, Plaintiffs,**

v.

**Mary Wendy ROBERTS, in her official capacity as Commissioner of the Bureau of Labor and Industries, and Robert N. Bothman, in his official capacity as Director of the Oregon Department of Transportation, Defendants.**

Civ. No. 90–1119–FR.

United States District Court, D. Oregon.

April 3, 1991.

Bruce C. Hamlin, Richard N. Van Cleave, Lane Powell Spears Lubersky, Portland, Or., for plaintiffs.

Dave Frohnmayer, Atty. Gen., William F. Cloran, Asst. Atty. Gen., Salem, Or., for defendants.

## OPINION

FRYE, District Judge:

Plaintiffs seek an order of this court declaring that O.R.S. 279.334(3) is constitutionally invalid in that it is preempted by the National Labor Relations Act, as amended, 29 U.S.C. §§ 151 *et seq.* (NLRA), and violates plaintiffs' rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Defendants contend that plaintiffs have no standing to bring this action and, if they have standing, that O.R.S. 279.334(3) is not preempted by the NLRA and is consistent with the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The matter is tried to the court.

## UNDISPUTED FACTS

Plaintiffs are Babler Bros., Inc. (Babler Bros.) and the Oregon–Columbia Chapter of the Associated General Contractors of America, Inc. (AGC). Babler Bros. is an Oregon corporation engaged in the construction and improvement of highways pursuant to public contracts with the Oregon Department of Transportation (ODOT).

Babler Bros. is a non-union or "at-will" employer, which means that it has the legal perogative to dismiss any employee at any time for any reason or for no reason, so long as the reason does not violate state or federal law. Babler Bros. was awarded and is now fulfilling a public contract with the ODOT known as the "Rainier–Tide Creek OSHD Contract 10926" (the Rainier–Tide Creek Contract) which is entirely funded by the State of Oregon and is subject to O.R.S. 279.334(3).

The AGC is an Oregon non-profit, incorporated membership association composed of commercial entities and individuals which operate businesses for profit in the construction industry. The members of the AGC engage in the construction and improvement of highways pursuant to public contracts with the ODOT. The membership of the AGC includes union contractors and non-union contractors. The union contractors cannot establish or change the wages, hours, or working conditions of their employees, except through collective bargaining.

Defendants are Mary Wendy Roberts, in her official capacity as Commissioner of the Bureau of Labor and Industries for the State of Oregon, and Robert N. Bothman, in his official capacity as Director of the ODOT. The ODOT is an agency of the State of Oregon which administers public contracts deemed necessary for the construction and improvement of highways through its Highway Division.

Babler Bros. intends to implement a four day, ten hour per day work week schedule in its performance of the Rainier–Tide Creek Contract, and on other public contracts where appropriate. Under the proposed work schedule, Babler Bros. will be required by its contract with the ODOT to pay overtime as provided by O.R.S. 279.-334, which provides:

(1) In all cases where labor is employed by the state ... through a contractor, no person shall be required or permitted to labor more than eight hours in any one day, or 40 hours in any one week, except in cases of necessity, emergency, or where the public policy absolutely requires it, in which event, the person or persons so employed for excessive hours shall receive at least time and a half pay for all overtime in excess of eight hours a day....

....

(3) Subsection[ ] (1) ... of this section [does] not apply to a contract for a public improvement if the contractor is a party to a collective bargaining agreement in effect with any labor organization.

O.R.S. 279.334 requires Babler Bros. to pay its employees overtime for all hours in excess of eight hours per day because it is a non-union contractor. Because of O.R.S. 279.334(3), defendants will require Babler Bros. and all other non-union contractors on public contracts to pay their employees overtime for all hours worked in excess of eight hours per day. Defendants will not require union contractors to pay their employees overtime for all hours worked in excess of eight hours per day.

Defendants Roberts and Bothman have the authority to enforce O.R.S. 279.334. Bothman has threatened to enforce, the provisions of O.R.S. 279.334 by at least the following means: (1) by withholding from the payments it makes to Babler Bros. twice the amount owed by Babler Bros. to each of its employees and directly paying the amounts owed by Babler Bros. to each of its employees; (2) by finding Babler Bros. in breach of contract and withholding progress estimates until it complies with the provisions of O.R.S. 279.334; and (3) by

proceeding to disqualify Babler Bros. from bidding on any public contracts for up to three years.

## STANDING

■ The exercise of federal court jurisdiction is conditioned by Article III of the United States Constitution upon the existence of a concrete controversy brought by a person with a personal stake in the outcome. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). A plaintiff must show that it has sustained, or is in immediate danger of sustaining, some direct injury as a result of the challenged official conduct and that the injury or threat of injury is both real and immediate and not conjectural or hypothetical. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983).

■ Defendants contend that Babler Bros. and the AGC do not have standing to bring this action because they have not suffered any injury as a result of the application of O.R.S. 279.334(3) to their projects. Defendants explain that it is an agreed fact that Babler Bros. and the other non-union members of the AGC can compute the costs of their legal obligations to pay overtime into the bids that they submit to the ODOT on highway projects. Defendants argue that there is no real cost to non-union contractors for complying with O.R.S. 279.334 because public bodies entering into contracts with non-union contractors will pay the non-union contractors the amount of money necessary for them to comply with the requirements of O.R.S. 279.334(3).

Babler Bros. and the AGC claim that O.R.S. 279.334(3) places non-union contractors at a financial and competitive disadvantage because all contractors on public contracts over certain amounts, whether union or non-union, are required by federal and state law to pay at least the "prevailing rate of wages" which is established for any given project in the bid documents for the project, thereby creating a level playing field for all contractors in competing for projects. Babler Bros. and the AGC contend that O.R.S. 279.334(3) alters this "lev-

el playing field" by imposing a ten percent labor surcharge upon any non-union contractor who wishes to utilize a four day, ten hour per day work week schedule; by providing opportunities for union contractors to perform public contracts more expeditiously and more cheaply than non-union contractors; and by providing benefits to union contractors without the cost burdens imposed upon non-union contractors which are not readily quantifiable, such as reduced absenteeism, increased productivity, reduced employee turnover, reduced production costs, and more efficient use of rental and other equipment.

Defendants argue that, at a minimum, Babler Bros. should be required to prove that it or some other non-union contractor was not previously awarded a specific contract because it computed overtime pay into its bid, and to prove that it would have been awarded the contract if it had not had to compute overtime pay into its bid. Defendants contend that Babler Bros. cannot prove this, and therefore it has no standing to bring this action.

Babler Bros. intends to implement a four day, ten hour per day work week schedule in its performance of the Rainier–Tide Creek Contract. Defendants have notified Babler Bros. that Babler Bros. is required by O.R.S. 279.334 to pay overtime to its employees for all hours worked in excess of eight hours per day. This requirement is based upon the status of Babler Bros. as a non-union employer under O.R.S. 279.334. These facts raise a sufficient case and controversy for this court to resolve the legal issue presented by this action.

### PREEMPTION

■ Babler Bros. and the AGC contend that O.R.S. 279.334(3) is preempted by the NLRA because it impinges on an area which Congress intended to be free from governmental interference and regulation. *Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976). Babler Bros. and the AGC explain that defendants have engaged in and will continue to engage in discrimination based solely upon whether the employees of a contractor are union or non-union in violation of the provisions of 29 U.S.C. § 8(a)(3) which outlaws discrimination with respect to any term or condition of employment which tends to encourage or discourage union membership, and 29 U.S.C. § 8(b)(2) which makes it an unfair labor practice for a union to cause or attempt to cause an employer to discriminate against an employee in order to encourage or discourage union membership.

Babler Bros. and the AGC contend that O.R.S. 279.334 violates the policy of the NLRA to separate the rights of employees to organize from the rights of employees that relate to their working conditions. Babler Bros. and the AGC argue that whether it was intended to do so or not, O.R.S. 279.334(3) forseeably tends to affect an employee's decision whether or not to become a member of a union because it provides different benefits to employees doing the same job based solely on whether the employer is union or non-union.

Defendants contend that the NLRA preempts state regulation of the rights of workers to organize in order to collectively bargain and preempts state regulation of the process of collective bargaining itself, but that the NLRA does not address, and therefore does not preempt state regulation, of the working conditions of the individual workers. *See Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 734, 101 S.Ct. 1437, 1441, 67 L.Ed.2d 641 (1981).

The general rule is that the intent of Congress to preempt state regulation of the working conditions of individual workers must be "clear and manifest." *City of Burbank v. Lockheed Air Terminal Inc.,* 411 U.S. 624, 633, 93 S.Ct. 1854, 1859, 36 L.Ed.2d 547 (1973). The court finds that there is no clear and manifest intent of Congress in the NLRA to preempt the State of Oregon from regulating the working conditions of individual workers as provided in O.R.S. 279.334(3).

### EQUAL PROTECTION

■ It is well settled that individual states may treat different classes of per-

sons in different ways without violating the equal protection clause of the Fourteenth Amendment to the United States Constitution if any state of facts reasonably can be conceived that will sustain the different treatment. *Allied Stores of Ohio, Inc. v. Bowers*, 358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480 (1959).

 Defendants argue that O.R.S. 279.-334(3) provides protection to non-union employees who lack the means to protect themselves. Defendants explain that a union employee who agrees at the bargaining table to work more than eight hours a day without overtime pay likely received or had the opportunity to receive something in return for his agreement, such as a higher straight time rate of pay or a more generous fringe benefit package.

Babler Bros. and the AGC assert that defendants' justification for the statute is without merit because 1) the NLRA precludes the State of Oregon from granting or withholding benefits based upon its perception of the equality of bargaining power of the parties; 2) the only goal served by O.R.S. 279.334(3) is to allow labor unions and employers to bargain for conditions which the law prohibits employers from establishing unilaterally; and 3) the statute penalizes non-union employers because they have exercised their statutory right to forego collective bargaining under section 8(f) of the NLRA. Finally, Babler Bros. and the AGC contend that even if the goal of the State of Oregon was a legitimate goal, to discriminate against non-union contractors bears no rational relationship to that goal. Babler Bros. and the AGC assert that this court should require defendants to apply the same maximum hour rules to union and non-union contractors.

Neither union contractors nor non-union contractors are protected classes, and the equal protection inquiry is only for minimum rationality. *See Lyng v. International Union, UAW*, 485 U.S. 360, 108 S.Ct. 1184, 1191–92, 99 L.Ed.2d 380 (1988). A state is free to treat union and non-union employers in different ways without violating the equal protection clause if any state of facts can reasonably be conceived that would sustain the different treatment. The legislature of the State of Oregon could reasonably have concluded that non-union employees who have no opportunity to bargain with their employers over maximum hours and overtime pay should be protected by the provisions of O.R.S. 279.-334(3). Therefore, O.R.S. 279.334(3) does not violate the rights of Babler Bros. and the AGC under the equal protection clause of the Fourteenth Amendment to the United States Constitution.

## CONCLUSION

Babler Bros. and the AGC are not entitled to an order of this court declaring that O.R.S. 279.334(3) is constitutionally invalid in that it is preempted by the NLRA and violates their rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution. The court will file a judgment in favor of defendants as of this date.