**DYAD CONSTRUCTION,
INC., Plaintiff,**

**v.**

**CITY OF PORTLAND; State of Oregon; Mary Wendy Roberts, in her official capacity as Commissioner of the Bureau of Labor and Industries; and United States Department of Labor, Defendants.**

**Civ. No. 91–47–FR.**

United States District Court,
D. Oregon.

June 12, 1991.

**654**

Charles R. Holloway, III and Bryan P. Murphy, Tooze Shenker Holloway & Duden, Portland, Or., for plaintiff.

Office of the City Atty., Ruth Spetter, Deputy City Atty., Portland, Or., for defendant City of Portland.

Dave Frohnmayer, Atty. Gen., William F. Cloran, James H. Van Dyke, Asst. Attys. Gen., Salem, Or., for defendants the State of Or. and Mary Wendy Roberts.

Richard Thornburgh, U.S. Atty. Gen., Washington, D.C. and Charles H. Turner, U.S. Atty., Portland, Or., for defendant U.S. Dept. of Labor.

## OPINION

FRYE, District Judge:

The matter before the court is the Amended F.R.C.P. Rule 12 Motions Against the Third Amended Complaint on Behalf of Defendants State of Oregon and Mary Wendy Roberts (# 15).

## BACKGROUND

Plaintiff, Dyad Construction, Inc. (Dyad), is a non-union contractor who contracted with the City of Portland to construct a sewer. During the construction of the sewer, Dyad used a four-day, ten-hour-a-day work week. The City of Portland has withheld certain funds due and owing to Dyad under the contract on the grounds that Dyad must comply with O.R.S. 279.-334, which mandates that non-union employers pay their employees time-and-a-half for hours worked beyond eight hours each day. No law of the State of Oregon imposes this requirement on union contractors.

Dyad alleges five claims for relief in its third amended complaint as follows: 1) the violation of 42 U.S.C. § 1983 and the National Labor Relations Act (NLRA); 2) the violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution; 3) the violation of Article I, Section 20 of the Oregon Constitution; 4) the violation of the Contract Work Hours and Safety Standards Act; and 5) the equitable principle of estoppel.

Dyad seeks a judgment of the court declaring that 1) the State of Oregon may not interpret O.R.S. 279.334(3) to apply only to non-union employers; and 2) the City of Portland may not withhold progress payments to Dyad under the contract because of potential claims of Dyad's employees for overtime pay.

On April 3, 1991, this court issued an opinion and judgment holding that O.R.S. 279.334(3) is not constitutionally invalid in that 1) it is preempted by the NLRA; and 2) it does not violate Dyad's rights under the Fourteenth Amendment to the United States Constitution. *Babler Bros. v. Roberts,* 761 F.Supp. 97 (D.Or.1991).

Defendants' motion to dismiss the first and second claims for relief present identical legal issues to those decided by this court in the *Babler Bros.* case. As the court ruled at oral argument, for the reasons stated by this court in *Babler Bros.,* the court will dismiss the first and second claims for relief.

The only remaining federal claim is the fourth claim for relief in which Dyad alleges that the enforcement of O.R.S. 279.334 violates the Contract Work Hours and Safety Standards Act, 40 U.S.C. §§ 327 *et seq.* In this claim, Dyad seeks a declaration that the Contract Work Hours and Safety Standards Act preempts the applica-

tion of the laws of the State of Oregon to issues relating to overtime pay.

The parties agree that this issue is a legal issue. The court, therefore, accepts the facts as stated in the third amended complaint as true.

## UNDISPUTED FACTS

The federal government has provided 80% of the funds for the sewer construction project performed by Dyad. The wage and hour requirements of the Contract Work Hours and Safety Standards Act apply to Dyad. Under the Contract Work Hours and Safety Standards Act, Dyad must pay its employees overtime for work performed in excess of forty hours per week.

## CONTENTIONS OF THE PARTIES

Dyad contends that the Contract Work Hours and Safety Standards Act preempts the application of O.R.S. 279.334, which on its face requires the payment of overtime for work beyond forty hours per week. Dyad relies upon the following language in the Contract Work Hours and Safety Standards Act:

Notwithstanding any other provision of law, the wages of every laborer and mechanic employed by any contractor or subcontractor in his performance of work on any contract of the character specified in section 329 of this title shall be computed on the basis of a standard workweek of forty hours, and work in excess of such standard workweek shall be permitted subject to provisions of this section.

40 U.S.C. § 328(a).

Defendants assert that the Contract Work Hours and Safety Standards Act does not preempt the laws of the State of Oregon. Defendants contend that the Contract Work Hours and Safety Standards Act is not the exclusive statement as to the wages to be paid on Dyad's construction project. Defendants argue that the requirement of O.R.S. 279.334 that a non-union contractor pay overtime to employees for hours worked in excess of the standard eight-hour workday applies in addition to the requirements of the federal Act, and that employees are entitled to the maxi-

mum protections afforded by law and not the minimum protections.

## ANALYSIS AND RULING

In *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1419 (9th Cir.1990), the court held that the federal Shipping Act and the Fair Labor Standards Act did not preempt the overtime pay laws of the State of California. The court explained that the "[t]raditional powers of the states ... are not superseded by federal acts unless that was the clear and manifest purpose of Congress." *Id., quoting Pettis Moving Co. v. Roberts*, 784 F.2d 439, 441 (2d Cir.1986).

The Contract Work Hours and Safety Standards Act supplements the regulatory scheme of the Fair Labor Standards Act. *See Masters v. Maryland Management Co.*, 493 F.2d 1329, 1332 (4th Cir.1974). O.R.S. 279.334 is not preempted by the Contract Work Hours and Safety Standards Act absent a clear expression by Congress of its intent to preempt state law.

The Contract Work Hours and Safety Standards Act contains no clear expression of the intent of Congress to preempt state laws relating to overtime conditions and pay. The Contract Work Hours and Safety Standards Act sets minimum standards in 40 U.S.C. § 328(a) for work done subject to the Act. There is no language in the Act which states an intent to preempt any stricter state laws which may also apply to work done subject to the Act. Therefore, the fourth claim for relief fails to state a claim upon which relief can be granted.

As to the third and fifth claims for relief under the laws of the State of Oregon, this court finds that it is not appropriate for it to decide the issues of Oregon law raised by these claims where no legally cognizable claim for relief under federal law is presented.

## CONCLUSION

Defendants' motion to dismiss the five claims for relief stated in the third amended complaint (# 15) is granted.